**Paul COE and Carol Coe, individually, and Andrew Coe, by and through his next friend, Charles McKone, Plaintiffs-Appellants,**

v.

**MICHIGAN DEPARTMENT OF EDUCATION, et al., Defendants-Appellees.**

**No. 81–1655.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 2, 1982.

Decided Nov. 29, 1982.

William J. Campbell, Lansing, Mich., for plaintiffs-appellants.

John P. Siler, Flint, Mich., for Flint Community Schools.

Andrew D. Quinn, Asst. Atty. Gen., Robert A. Derengoski, Sol. Gen., Paul J. Zimmer, Asst. Atty. Gen., Lansing, Mich., for Mich. Dept. of Educ. and Batten.

Harry J. Zeliff, Robert M. Thrun, Patrick B. Mooney, Lansing, Mich., for Genesee Intermediate School Dist. and Davis.

Before KEITH and MERRITT, Circuit Judges, and PECK, Senior Circuit Judge.

MERRITT, Circuit Judge.

The appellants in this case are an eleven year old autistic child, Andrew, and his parents who seek injunctive relief as well as damages from a set of state and local educational agencies and individual authorities sued in their official capacities. Appellants argue that Andrew was denied his statutory rights under the Education of All Handicapped Children Act (EHCA), 20 U.S.C. § 1415, as well as his constitutional rights under 42 U.S.C. § 1983. Andrew was originally enrolled in a special program designed for autistic children in Flint, Michigan. In the spring of 1978 the school authorities held a review of Andrew's educational program called an Individualized Educational Program (IEP) as mandated by the EHCA. At the IEP hearing, the committee recommended that Andrew be placed in a different class for emotionally impaired children which was not limited to autistic children. Andrew's parents disagreed with this determination and requested a hearing pursuant to EHCA § 1415(b)(2). During the pendency of this local appeal, the autistic program was discontinued. At the local level hearing in the fall of 1978, the hearing officer approved the IEP findings which resulted in Andrew's placement in the new class. Andrew's parents removed him after a few days because they allege that he was exhibiting signs of fear, nausea and weight loss.

In the spring of 1979 another IEP hearing was conducted and again the committee recommended that Andrew's best educational program would be in the new class for emotionally impaired children. The parents requested and received a local and then a state level review of the decision both of which confirmed the opinion of the IEP committee. In December, 1979, the parents filed suit in Michigan state court, the Genesee County Circuit Court, and the case was argued in September, 1980. When the state judge had failed to render any decision after approximately two years, the parents filed suit in the federal district court. Judge Newblatt at trial agreed to take jurisdiction in the matter if the state judge failed to render an opinion within two weeks of either the plaintiffs' filing of a petition for superintending control with the Michigan Court of Appeals or the plaintiffs' filing of a complaint with the Michigan Supreme Court. When the state court did finally render an opinion, the District Court dismissed the case. The Coes have perfected an appeal to the Michigan Court of Appeals and are presently awaiting its decision.

The District Court below dismissed the action on the grounds that the plaintiffs had a *choice* of forums which did not permit simultaneous litigation in both the federal and the state court systems. We affirm the District Court on those grounds and, secondly, because the case is barred by the doctrine of res judicata.

■ The EHCA provides in § 1415(e)(2) that an "action may be brought in any State court of competent jurisdiction or in a district court of the United States ...." Clearly, by the use of the disjunctive, Congress did not intend that aggrieved parents should be permitted to file two actions simultaneously.

The Fourth Circuit has also interpreted this section of the EHCA to require an election of either the state or the federal courts. *Scruggs v. Campbell,* 630 F.2d 237 (4th Cir.1980). In that case, the parents filed first in federal court before their ad-

ministrative remedies were exhausted. When the final administrative hearing officer ruled in favor of the parents, the educational authorities sought review in state court. The district court dismissed the parents' action and the Fourth Circuit affirmed because:

> Congress did not intend judicial consideration of the controversy in both federal and state courts. By giving the party aggrieved by the final administrative decision the option to proceed in either forum, the statute avoids simultaneous litigation.

■ In addition, when seeking review of a state administrative decision under EHCA, a party must raise every appropriate issue in the forum of his choice or be barred from later asserting the claim under the basic doctrine of res judicata. The claims which the Coes assert arise basically out of the same factual situation—the placement of Andrew in the emotionally impaired program—as is under consideration in the state proceedings and are against essentially the same parties. Their failure to assert additional claims in state court does not give them jurisdiction to raise the issues at this point.

The Restatement of Judgments, 2d summarizes this basic concept of law:

> A given claim may find support in theories or grounds arising from both state and federal law. When a plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground.

§ 25, Comment e. *See also Partmar Corp. v. Paramount Pictures Theatres Corp.,* 347 U.S. 89, 74 S.Ct. 414, 98 L.Ed. 532, *reh. den.* 347 U.S. 931, 74 S.Ct. 527, 98 L.Ed. 1083.

The Coes have taken advantage of the extensive review process granted to the parents of handicapped children protected by the EHCA. They have received several administrative hearings and have been heard in both the state trial and appeals courts. While the Coes may have had legitimate grievances against the school system for dismantling the special program for autistic children during the pendency of their appeal, they had ample opportunity to raise this issue in state court.

Finally, the plaintiffs seek to establish jurisdiction in the federal courts by alleging a separate cause of action for damages under 42 U.S.C. § 1983. It is unnecessary for this Court to address this issue since, as discussed above, the plaintiffs are barred by res judicata from suing in federal court on issues which were or could have been raised in a past proceeding. However, the court notes the decisions of several other circuits holding that § 1983 does not extend to suits under the EHCA. *See, e.g., Anderson v. Thompson,* 658 F.2d 1205 (7th Cir.1981); *Miener v. State of Missouri,* 673 F.2d 969 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 215, 74 L.Ed.2d 171; *McGovern v. Sullins,* 676 F.2d 98 (4th Cir.1982).

Accordingly, the decision of the District Court dismissing the action is affirmed.