**TILCON MINERALS, INC., Plaintiff,**

v.

**ORANGE AND ROCKLAND UTILITIES, INC., Defendant.**

**ORANGE AND ROCKLAND UTILITIES, INC., Plaintiff,**

v.

**TILCON MINERALS, INC., Defendant.**

United States District Court, S.D. New York.

March 4, 1994.

Richard J. O'Keeffe, O'Keeffe, Kline & Lindgren, White Plains, NY, for Tilcon.

Alan Warshauer, Wormser, Kiely, Galef & Jacobs, New York City, for Orange.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

These mirror-image diversity of citizenship suits revolve around a contract entered into on December 9, 1985 (the "1985 agreement") under which Orange and Rockland Utilities, Inc. ("Orange") purchased from Tilcon Minerals, Inc. ("Tilcon") more than 200 acres (the "property") at Stony Brook, New York.

The 1985 agreement contained provisions requiring that Orange pay the cost of relocating a rock crushing plant on the property sold at locations set forth on Exhibit E to the agreement, subject to more detailed provisions concerning the site of the relocation.

The parties thereafter sued each other seeking declaratory judgment and other relief concerning disagreements in regard to where the 1985 agreement authorizes the plant to be relocated at Orange's expense and subordinate related disputes. Tilcon moves for summary judgment in its favor in both 93 Civ 6132 and 93 Civ 7026 declaring that its interpretation of the agreement is correct and that various other claims of Orange lack merit. Orange opposes the motions on grounds that genuine issues of material fact exist.

Tilcon's motions are denied without prejudice on the ground that adjudication of any of the issues raised by either party is premature until the amount due Tilcon from Orange because of the cost of relocation of Tilcon's rock crushing plant on its property can be determined.

## II

Perusal of the agreement and of the contentions of the parties indicates that Exhibit E to the 1985 agreement is a binding part of the agreement and appears to authorize Tilcon to relocate at the site it now wishes to utilize. Orange raises numerous objections to this conclusion which appear to be of questionable merit, but which need not be adjudicated at this time.

There exists, however, no current impediment to Tilcon relocating in whatever manner it deems proper on its own property and submitting a bill to Orange for such amounts as may then be due under the 1985 agreement. Moreover, just as controversy has arisen concerning the relocation sites described in the 1985 agreement, equally net-

tlesome disputes can readily arise concerning implementation of any judicial description of the relocation sites set forth in the 1985 agreement or how the relocation of Tilcon's rock crushing plant should be carried out.[1]

Neither party contends that the physical location of the new site of the plant will in itself cause harm to either party. Instead, the parties' primary, central dispute grows out of the differential costs involved in differing aspects of relocation including siting. The financial consequences of the choice cannot be known until the relocation occurs, given the number of unforeseeable factors which cannot be fixed in advance and are inevitable in a construction job of this magnitude.

A declaratory judgment concerning what rock crushing plant relocation site is authorized by the 1985 agreement would not preclude Tilcon from siting that plant or any of its facilities elsewhere on property it owns (and hence, logically, from siting elsewhere in the first instance), but would only protect Orange from having to pay any additional cost resulting from the choice. The additional cost would be the only unfavorable consequence to Orange of any infraction of the siting provisions of the agreement, and one which can readily be remedied by reducing the payment required at the time due.

A declaratory judgment is appropriate where it will settle the legal relations between the parties. *Continental Casualty Co. v. Coastal Savings Bank,* 977 F.2d 734 (2d Cir.1992). An advance ruling on what siting would be correct would not avoid further litigation over how much Orange should be required to pay. Instead, a declaratory ruling at this point would almost certainly merely spawn further litigation over (a) its physical implementation, and (b) whether or not the cost ultimately billed by Tilcon was reasonable or correct under the declaratory judgment.

1. Implementation of judicial determinations of the proper relocation of Tilcon's rock crushing plant might well entail detailed supervision and day-to-day resolution of numerous individual disputes. In the absence of involvement an of administrative agency, and with no public interest at stake in this dispute, the cost of such supervision might appropriately be borne by the parties, requiring appointment of a Special Master under Fed.R.Civ.P. 53 or similar measures. See Note, "Monitors: A New Equitable Remedy?," 70 Yale L.J. 103 (1960); Rudenstine, "Institutional Injunctions," 4 Cardozo L Rev 611 (1983).

Use of declaratory judgment as a nonfinal stepping stone looking toward further legal jousting does not promote the "just, speedy and inexpensive" (Fed.R.Civ.P. 1) resolution of the parties' underlying controversy. It is neither useful to the parties nor an appropriate employment of resources of the legal system. See Judicial Improvements Act of 1990, Public Law 101–650, 104 Stat. 5089, enacting 28 U.S.C. 473.

Both combatants in the current dispute have adequate monetary remedies at law in lieu of a declaratory judgment which has the same effect if effective in this instance as an injunction; although injunctive relief may have advantages in certain circumstances, there appears to be no reason why such monetary remedies should not be required to be pursued in this instance. There has been no showing of irreparable injury which would result from treating this dispute as one resolvable through monetary relief. See *Jackson Dairy v. H.P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir.1979) (preliminary relief); *Licata & Co. v. Goldberg*, 812 F.Supp. 403 (S.D.N.Y. 1993); Laycock, "The Death of the Irreparable Injury Rule," 103 Harv L Rev 687 (Jan 1990).

This contract dispute does not call for an injunction or declaratory judgment amounting to specific performance. See Yorio, "In Defense of Money Damages for Breach of Contract," 82 Colum L Rev 1365 (1982).

### III

Separate adjudication of less significant claims of the parties while the major issue (the amount due for relocation costs relating to the Tilcon's rock crushing plant) remains unresolved and as yet unresolvable because the costs have not yet been incurred, would necessarily lead to partial rulings subordinate in importance to the main dispute, and as to which separate enforceable judgments would be inappropriate under Fed.R.Civ.P. 54(b).

■ Granting a Rule 54(b) certificate authorizing entry of a partial but immediately enforceable judgment must be affirmatively justified. *Arlinghaus v. Ritenour*, 543 F.2d 461 (2d Cir.1976). Existence of "just reason for delay" under that Rule precludes entering a partial but immediately enforceable judgment.

■ Partial judgments might require a party to pay a sum when much larger claims in favor of that party remain to be ruled upon. See *United States v. Shaw*, 309 U.S. 495, 501–04, 60 S.Ct. 659, 661–63, 84 L.Ed. 888 (1940); *United States v. Medlin*, 767 F.2d 1104, 1107 (5th Cir.1985); *FSLIC v. Williams*, 599 F.Supp. 1184, 1209–11 (D.Md. 1984); see also *Poindexter v. Greenhow*, 114 U.S. 270, 284–85, 5 S.Ct. 903, 910–11, 29 L.Ed. 185 (1884) (Virginia Coupon Cases). This is appropriate only where the merits of the claim to be adjudicated first are clear and that of any larger claims far more uncertain. See generally *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437, 76 S.Ct. 895, 900–01, 100 L.Ed. 1297 (1956).

That is not the situation here where the overall outlines of the main claim are clearer than other issues with the important exception that the amount due Tilcon for relocation which is the underlying issue involved cannot now be ascertained. It is certain that Orange must pay the cost of relocation— subject to possible adjustments based on inclusion of any unauthorized expenses that have not yet been incurred.

■ Separate adjudication of piecemeal motions are not favored under the Federal Rules of Civil Procedure. Rule 12 requires all defenses available to a party to be asserted in a single responsive proceeding or comprehensive motion. Separate summary judgment motions under Fed.R.Civ.P. 56 are permitted but they must be conducive to conservation of judicial resources and of benefit to the parties. A series of piecemeal summary judgments would waste resources of both the parties and the court, contrary to the objectives of Fed.R.Civ.P. 1. The 1993 amendments to that Rule provide that all of the Civil Rules be "administered" as well as "construed" to promote those goals.[2]

---

2. The purposes of Fed.R.Civ.P. 13, permitting counterclaims arising out of disputes between the same parties, and creating independent jurisdiction over counterclaims arising out of the

## IV

The parties are ill served by pursuing through litigation the complex engineering, surveying, accounting and other issues raised by the parties, which are inherent in implementation of their agreement. If negotiated solutions fail, each party would benefit from agreed simplified final dispute resolution procedures. The parties are directed to consider selection of an agreed upon impartial umpire knowledgeable in one or more fields of expertise relevant to the relocation of the rock crushing plant and its costs, with plenary power to act as mediator or if necessary arbitrator, and with authority to utilize informal means of factfinding including *ex parte* investigations to the extent necessary.[3]

## V

The parties may within 45 days of the date of this memorandum order request that jurisdiction be reserved pending an actual financial dispute over amounts Orange may properly owe Tilcon for the relocation of the rock crushing plant once accomplished, including deductions for additional costs if any are incurred because of alleged departures from the agreement. Absent such request or a showing of cause by one or both parties within 45 days these cases will be dismissed without prejudice to renewal by either party when appropriate.

SO ORDERED.

same transaction or occurrence, are also relevant here. These include both (a) conservation of judicial resources by avoiding piecemeal adjudication of related issues, and (b) avoiding lopsided imposition of adverse judgments on a party which may prevail on more weighty aspects of the same controversy once all issues are adjudicated.

3. See generally *Sheet Metal Workers v. Baylor Heating,* 877 F.2d 547 (7th Cir.1989); Note, 3 Ohio St J Dispute Resolution # 2 at 385 (1988); Aufses, "Thinking About ADR," 16 Litigation # 3 at 33 (ABA Spring 1990); Panel Discussion, "Unique Problems and Opportunities of Permanent Umpireships," 42 Nat'l Academy Arb Proceedings Annual Meeting 176 (1990).