**Jill BRUSCHINI, a Disabled Student, by her Parent and Legal Guardian, Elizabeth Bruschini, Plaintiff,**

v.

**The BOARD OF EDUCATION OF the ARLINGTON CENTRAL SCHOOL DISTRICT; Donald Rothman, (officially as) Superintendent of the Arlington Central School District; Thomas Sobol, (officially as) Commissioner of the New York State Department of Education; and, The New York State Department of Education, Defendants.**

No. 95 Civ. 0455 (CLB).

United States District Court, S.D. New York.

Nov. 3, 1995.

Kenneth S. Ritzenberg, Whiteman Osterman & Hanna, Albany, NY, Kenneth S. Ritzenberg, Young Stockli & Rowe, Albany, NY, for Jill Bruschini.

Raymond C. Kuntz, Law Office of Raymond C. Kuntz, P.C., Bedford Village, NY, for Board of Education of the Arlington Central School District, Donald Rothman.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

Plaintiff is a 20–year–old disabled individual who has been classified as multiply handicapped and lives in the Arlington Central School District (the "District"). In 1978, Plaintiff enrolled in the District's special education programs. From 1980 through the 1987–88 school year, Plaintiff attended the Bishop Dunn School, a private school approved by the State Education Department for such placement. Between 1988 and 1992, she attended the District's Middle School and South Campus High School.

Plaintiff alleges that the District's Individualized Educational Program ("IEP") for the 1991–92 and 1992–93 school years were inappropriate and as a result her academic skills deteriorated. In the Fall of 1992, Plaintiff's mother unilaterally removed her from the District's school and enrolled her in the Maplebrook School, a private school located in Amenia, New York.

The District's Committee on Special Education met and proposed an IEP for Plaintiff with placement at the District's North Campus High School. Plaintiff alleged that the District's IEP for the 1993–94 school year was inappropriate because it did not contain a proper transition plan from school life to adult life.

Plaintiff sought tuition funding from the District for her placement at the Maplebrook School for the 1993–94 school year. On January 19, 1994, the District denied the request, as the District believed it could offer Plaintiff an appropriate public placement in the least restrictive environment. Plaintiff disputes the District's reasons for denial of tuition reimbursement and alleges that the actual reason for the denial was based on an "inappropriate state policy" disallowing funding of private schools which are not on the State's approved list.

Plaintiff requested an impartial hearing, and the District appointed as hearing officer Earle Warren Zaidins, a person whose name appears on the New York State Education Department's list of impartial hearing officers. The hearing was held on May 16th and May 24th, 1994 and concluded on June 22, 1994. Plaintiff alleges that due process violations occurred during this hearing.

On September 11, 1994, the impartial hearing officer issued a decision denying funding and concluded that the Maplebrook School did not offer an appropriate program. Plaintiff appealed this decision to the State Review Officer. On November 17, 1994, the State Review Officer issued a decision finding that the District had not met its burden of establishing its program was appropriate and Plaintiff had not carried her burden to establish that Maplebrook's program was appropriate. Under *Florence County School District Four et al. v. Carter,* —— U.S. ——, 114 S.Ct. 361, 126 L.Ed.2d 284 (1993), the State Review Officer upheld denial of tuition reimbursement for the private placement Plaintiff had selected. The Officer noted the fact that the Maplebrook School was not on a list of approved schools is not dispositive of the petitioner's claims.

Plaintiff commenced this action pursuant to 20 U.S.C. § 1415(e)(2) of the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.,* challenging the November 17, 1994 decision to the extent it denied tuition reimbursement. The Complaint also asserts violations of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232–g, the Civil Rights Act, 42 U.S.C. § 1983, and state law.

### Plaintiff's Motion for Partial Summary Judgment

■ Motions for partial summary judgment are generally disfavored by this court because they lead to orders which are final, but which are unappealable until the entire matter has been adjudicated. Such motions under Fed.R.Civ.P. 56 are permitted but they must be conducive to the conservation of judicial resources and of benefit to the parties. *Tilcon Minerals, Inc. v. Orange and Rockland Utilities, Inc.,* 851 F.Supp. 529, 531 (S.D.N.Y.1994) ("A series of piecemeal motions for summary judgments would

waste resources of both the parties and the court, contrary to the objectives of Fed. R.Civ.P. 1.").

After a review of the record in the administrative proceedings below, this court finds that ruling on the pending motions would serve the interests of justice consistent with Rule 1 of the Fed.R.Civ.P.

■ The criteria for review by this court are set forth in 20 U.S.C. § 1415(e)(2). The section provides, in pertinent part, that the court in reviewing the complaint "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." The Supreme Court in *Board of Educ. v. Rowley*, 458 U.S. 176, 204–208, 102 S.Ct. 3034, 3049–3051, 73 L.Ed.2d 690 (1982), held that courts interpreting this provision should not view the requirement that the court review the complaint on the "preponderance of the evidence" as an invitation to "substitute their own notions of sound educational policy for those of the school authorities," 458 U.S. at 206, 102 S.Ct. at 3051, and held that the court's inquiry in suits brought under this section was twofold. "First, has the State complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits? If these requirements are met, the State has complied with the obligations imposed by Congress and the courts can require no more." 458 U.S. at 206–07, 102 S.Ct. at 3051 (footnotes omitted). The Supreme Court also stated that courts "must be careful to avoid imposing their view of preferable educational methods upon the States," because the "primary responsibility for formulating the education to be accorded a handicapped child, and for choosing the educational method most suitable to the child's needs, was left by the Act to state and local educational agencies in cooperation with the parents or guardian of the child." 458 U.S. at 207, 102 S.Ct. at 3051.

In *Adler v. Education Dep't*, 760 F.2d 454, 458 (2nd Cir.1985), our Court of Appeals in interpreting § 1415 and the *Rowley* decision held that the standard of review "tends to resemble the standard" of review under Article 78 of the New York Civil Practice Act.

Prior to determining whether either of the submitted education plans were "reasonably calculated to enable the child to receive educational benefits", this court must address itself to what matters are actually before it on appeal. Initially, the complaint raised 16 separate claims for relief. Claims relating to Thomas Sobol, officially as the Commissioner of Education and The New York State Department of Education were previously dismissed by this court by Memorandum and Order dated May 16, 1995. As to many of the remaining claims issues exist as to this Courts jurisdiction to review those claims. At the beginning of the hearing conducted before the impartial hearing officer on May 16, 1994, the parties entered into a number of stipulations on the record which limited the scope of the administrative proceeding. Several of the stipulations concerned claims which have been raised by plaintiff in this action. Other claims were apparently not raised at all in the proceedings below and are brought for the first time before this Court.

The statute, 20 U.S.C. § 1415(e) grants this Court appellate jurisdiction over the decisions of the state education agency in IDEA actions. While that section grants the district court the authority to supplement the record and to hear additional evidence, the act does not extend jurisdiction to matters that were not raised at the administrative level. Plaintiffs Fifth claim (relating to the appropriateness of the 1992 triennial evaluation), Ninth claim (alleging that the number of students in the proposed placement exceeded the maximum allowed under state regulations), Fourteenth claim (concerning the disclosure of confidential information), Fifteenth claim (alleging discrimination), and Sixteenth claim (alleging violations of federal statutory and constitutional rights) all involve matters that were not raised at the administrative level.

■ The failure to present claims of procedural errors in connection with approval of

individualized education program (IEP) at the administrative hearings bars such claims from being heard by the district court. See *Hampton School Dist. v. Dobrowolski,* 976 F.2d 48 (1st Cir.1992), *David D. v. Dartmouth School Committee,* 775 F.2d 411 (1st Cir.1985), certiorari denied 475 U.S. 1140, 106 S.Ct. 1790, 90 L.Ed.2d 336 (1986). *Coe v. Michigan Dept. of Educ.,* 693 F.2d 616 (6th Cir.1982). *Field v. Haddonfield Bd. of Educ.,* 769 F.Supp. 1313 (D.N.J.1991), *Johnson v. Lancaster–Lebanon Intermediate Unit 13, Lancaster City School Dist.,* 757 F.Supp. 606 (E.D.Pa.1991), *Howell by Howell v. Waterford Public Schools,* 731 F.Supp. 1314 (E.D.Mich.1990), *Max M. v. Thompson,* 585 F.Supp. 317, amended 592 F.Supp. 1450 (D.C.Ill.1984). As the aforementioned claims were not raised the administrative proceedings below they are not properly before this Court. Accordingly, those claims are dismissed.

■ The plaintiff also brought a claim for tuition reimbursement for the 1994–95 school year. This claim was not raised below as that school year had not commenced at the time of the initial administrative hearing. The failure of a party to exhaust his administrative remedies generally acts as a bar to raising the issue in the district court. Our Court of Appeals has recognized that this principal applies to actions pursuant to the IDEA. *Heldman v. Sobol,* 962 F.2d 148 (2d Cir.1992).

■ Plaintiff argues that it would have been futile to raise the issue below because the proposed IEP for the 1994–95 school year was essentially the same as the plan for the prior school year that the plaintiff was appealing. An exception to the exhaustion requirement has been recognized by courts when the "exhaustion of administrative remedies would be futile because the agency was acting in violation of law or was unable to remedy the alleged injury". *Heldman,* at 159. The IEP for the 1994–95 school year was developed prior to the State Review Officer's determination that the plan was inappropriate. Thus, at the time the plan was developed the defendants were not aware that the plan was inappropriate. Under these circumstances, this Court is unwilling

to find that it would have been futile for the parents to exhaust their administrative remedies relating to the 1994–95 school year. Because the plaintiff did not exhaust her administrative remedies relating to the 1994–94 school year this Court must dismiss the claim seeking such relief.

At the beginning of the impartial hearing held on May 16, 1994, counsel for both parties to this action entered into a number of stipulations on the record. Those stipulations were as follows: (1) That tuition reimbursement was sought only for the 1993–94 school year; (2) ten month as opposed to 12 month programming was appropriate; (3) transportation reimbursement was not sought; (4) related services for the 1993–94 school year as recommended by the CSE were appropriate; (5) there were no procedural objections to the IEP process; (6) no objection was made to the substance of the IEPs dated March 3, 1993, and February 2, 1994, for the 1993–94 school year insofar as their sufficiency on their face, and that the dispute concerned the method of delivery of the goals and objectives; (7) the child was appropriately classified as multiply handicapped; (8) at the time of the hearing the child was under the care of Randy Ian Pardell, M.D.; and (9) that the child met the clinical criteria for separation anxiety disorder.

■ This court is unconvinced by plaintiffs arguments that these stipulations are not binding in this proceeding. This Court determines that for purposes of New York CPLR 2104 the stipulations made at the impartial hearing were in "open court" and as such are binding upon the parties. The stipulations were made on the record in an administrative proceeding pursuant to a statutory scheme enacted by Congress. As part of review process enacted by 20 U.S.C.A. § 1415 Congress provided for review of the administrative proceedings by the district court. This Court finds that the stipulations are valid and remain in force in connection with this action.

■ As a result of these stipulations, the only issues remaining to be decided concern tuition reimbursement for the 1993–94 school

year. All other claims are dismissed based upon the stipulations. Those remaining issues cannot be decided in the context of a summary judgment motion.

Plaintiff also seeks an order of preclusion for late compliance with discovery requirements. This branch of the motions is denied in the interests of justice.

Counsel are directed to appear before this Court on November 21, 1995 at 9:00 a.m. to resolve any remaining pretrial issues and to formulate a schedule for the prompt trial of this matter.

SO ORDERED.